CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 23 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:04CR30026 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ROGELIO GARCIA, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Senior United States District Judge |

This case is presently before the court on defendant Rogelio Garcia's pro se motion requesting that the court either dismiss an outstanding warrant for alleged violations of supervised release or hold a revocation hearing in his absence. For the following reasons, the motion will be denied.

## Background

On June 1, 2004, Garcia entered a plea of guilty to conspiracy to distribute cocaine and marijuana. He was sentenced to a term of imprisonment of 110 months, to be followed by a four-year term of supervised release.

Garcia was released from incarceration and began serving his term of supervised release in July of 2012. He was subsequently deported to Mexico. On October 24, 2013, Garcia was arrested in the Southern District of California and charged with improper entry by an alien, in violation of 8 U.S.C. § 1325. He entered a plea of guilty to that charge and was sentenced to a term of imprisonment of 24 months. Garcia completed the sentence of imprisonment in August of 2015.

On August 6, 2015, Garcia's probation officer in this district petitioned to revoke Garcia's supervised release on the basis that he had violated the condition that he not commit another federal, state, or local crime. Garcia appeared before this court for a revocation hearing

on September 9, 2015. At that time, the court revoked Garcia's supervised release and sentenced him to a term of imprisonment of 12 months, to be followed by a 12-month term of supervision.

Following the completion of his term of imprisonment in August of 2016, Garcia was once again deported to Mexico. On April 6, 2017, he was arrested a second time in the Southern District of California for illegally reentering the United States. On May 4, 2017, Garcia waived his right to indictment by a grand jury and pled guilty to a felony information charging him with illegal reentry by a removed alien, in violation of 8 U.S.C. § 1326. He was sentenced to a term of imprisonment of 30 months, which he is currently serving.

At the time of his arrest in April of 2017, Garcia remained subject to the conditions of supervised release imposed by this court on September 9, 2015. His probation officer filed a petition for issuance of a warrant asserting that Garcia had violated his conditions of supervised release by illegally reentering the United States. The court issued the warrant on April 10, 2017. The warrant remains lodged as a detainer while Garcia completes the 30-month term of imprisonment imposed by the Southern District of California. Records from the Federal Bureau of Prisons indicate that Garcia is scheduled to be released from incarceration in November of 2019.

On April 30, 2018, Garcia filed the instant motion to dismiss the supervised release violation warrant. Alternatively, Garcia requests that the court hold a supervised release revocation hearing in his absence and order that any sentence of imprisonment imposed upon revocation run concurrently with the sentence he is currently serving for the illegal reentry offense.

## Discussion

In support of the pending motion, Garcia cites to Rule 32.1 of the Federal Rules of Criminal Procedure, which sets forth the procedural requirements for revoking or modifying

conditions of supervised release. Rule 32.1 states, in pertinent part, that "a person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge" for an initial appearance. Fed. R. Crim. P. 32.1(a). The rule further provides that "[i]f a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." Fed. R. Crim. P. 32.1(b). Unless waived, the court must then hold a revocation hearing "within a reasonable time in the district having jurisdiction." Id.

Garcia's reliance on Rule 32.1 is misplaced. As indicated above, the rule applies only to individuals held in custody for violating probation or supervised release. See Fed. R. Crim. P. 32.1(a)(1)–(b)(1)(A). Thus, "Rule 32.1 is triggered only when the defendant is taken into federal custody for violations of supervised release," and not by the mere issuance of a detainer or warrant for the defendant's arrest. United States v. Cunningham, 150 F. App'x 994, 996 (11th Cir. 2005) (emphasis in original); see also United States v. Chaklader, 987 F.2d 75, 77 (1st Cir. 1993) (holding that the requirements of Rule 32.1 were not triggered until the defendant was "finally taken into federal custody to answer for violations of the conditions of his probation").

In this case, there has been no event triggering the procedural requirements of Rule 32.1. Garcia has never been taken into custody on the outstanding warrant for violating the conditions of his supervised release. Instead, since April of 2017, Garcia has been held in custody on the basis of the illegal reentry offense to which he ultimately pled guilty in the Southern District of California. Consequently, Garcia is not yet entitled to any of the hearings required under Rule 32.1, and there has been no violation of that rule.

Additionally, Garcia has not alleged, much less established, that he will be prejudiced by delaying the revocation hearing until after he completes the term of imprisonment imposed by

the Southern District of California. If this court ultimately revokes supervised release, it "will still have the power . . . to grant the equivalent of a concurrent sentence retroactively." United States v. Escobar-Izaguirre, No. 2:09-cr-00110, 2011 U.S. Dist. LEXIS 84997, at *14 (N.D. Ind. Aug. 1, 2011) (citing United States v. Long, 823 F.2d 1209, 1212 (7th Cir. 1987) (noting that "[d]istrict judges, within statutory constraints, have wide discretion in fashioning sentences")); see also United States v. Sanchez, 225 F.3d 172, 176 (2d Cir. 2000) (affirming the district court's decision that the defendant was not prejudiced by the delay in conducting a revocation hearing "because the district court had the power to grant the equivalent of a concurrent sentence retroactively for [the defendant's] violation of supervised release"). The court will also have the opportunity to consider arguments offered in mitigation by the defendant, including any argument that the pending warrant and detainer adversely affected his eligibility for institutional programs while incarcerated for the illegal entry offense.

## Conclusion

For the reasons stated, Garcia's motion will be denied. The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 23rd day of May, 2018.

_____
Senior United States District Judge

4